IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC SANTANA | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-1657 |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |

MEMORANDUM AND ORDER

Kauffman, J.                                                                                                July 10 , 2008

      Now before the Court is Defendants' uncontested Motion for Summary Judgment (the "Motion"). For the reasons discussed below, the Motion will be granted.

I. BACKGROUND

      Plaintiff Eric Santana ("Plaintiff"), an inmate who resides at Bellefonte State Correctional Institution, brings this action against Defendants Warden Giorla, Correctional Officer Ballard, and the City of Philadelphia[1] for injuries he allegedly suffered while incarcerated at Curran Fromhold Correctional Facility in Philadelphia. Plaintiff alleges that on April 26, 2005, he was approached by four Muslim inmates who confronted him about a stolen cellular phone belonging to another inmate. Compl. ¶ 8. He alleges further that Officer Ballard, a Muslim correctional officer, "allowed inmates of the Muslim persuasion to come into the area which they had no right

---

    [1]    Plaintiff also names the "Department of Philadelphia Prisons" as a Defendant. However, the Philadelphia Prison System is a department of the City of Philadelphia and is not a separate legal entity capable of being sued. See 53 Pa. Cons. Stat. § 16257; Griffith v. Phila. Prison Sys., 2001 U.S. Dist. LEXIS 11511 (E.D. Pa. May 18, 2001), at *2 n.1 (dismissing all claims against the Philadelphia Prison System because it is a "municipal agency of the City of Philadelphia" that cannot be sued).

to be in and whose sole purpose was to attack and harm [Plaintiff]." Id. ¶ 18. Plaintiff alleges that Officer Ballard was aware the inmates were armed with "bangers," which he describes as "artificial metal objects that are used for the purpose of stabbing inmates during fights or other types of attacks." Id. ¶ 19.

After confronting Plaintiff about the stolen cellular phone, the inmates allegedly stabbed him nine times, leaving him seriously wounded in his cell. Id. ¶ 8. Plaintiff contends that he called out for help during and after the attack, but "correctional officers neglected him" while he "languish[ed] in his cell." Id. When other inmates told Officer Ballard about the attack and Plaintiff's wounds, he stated that he would check on Plaintiff, but never came to his aid. Id. ¶ 9.

Plaintiff filed the Complaint on April 25, 2007. Defendants filed the instant Motion on February 7, 2008.[2] Plaintiff has failed to respond to the Motion.

## II. LEGAL STANDARD

When a party fails to respond to a properly filed motion, the Court may treat the motion as uncontested. E.D. Pa. Local R. Civ. P. 7.1(c). Unlike other motions, the Court may not grant an uncontested summary judgment motion without an independent determination that the movant is entitled to judgment under Federal Rule of Civil Procedure 56. Id. By failing to respond, however, "the nonmoving party waives the right to respond to or to controvert the facts asserted in the summary judgment motion." Reynolds v. Rick's Mushroom Serv., 246 F. Supp. 2d 449,

---

[2] On December 13, 2007, Defendant Officer Ballard filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve him. Plaintiff has not responded to Ballard's Motion, and pursuant to Local Rule 7.1(c), the Court may treat the Motion as uncontested. Because, as explained infra, the Court finds that summary judgment is appropriate as to all Defendants, the Motion to Dismiss will be denied as moot.

453 (E.D. Pa. 2003) (quoting Reed v. Nellcor Puritan Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002)).

In deciding a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, the test is "whether there is a genuine issue of material fact and, if not, whether the moving party is entitled to judgment as a matter of law." Med. Protective Co. v. Watkins, 198 F.3d 100, 103 (3d Cir. 1999) (quoting Armbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994)). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The Court must examine the evidence in the light most favorable to the non-moving party and resolve all reasonable inferences in that party's favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  However, "there can be 'no genuine issue as to any material fact' . . . [where the non-moving party's] complete failure of proof concerning an essential element of [its] case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The party moving for summary judgment bears the initial burden of showing the basis for its motion.  See Shields v. Zuccarini, 254 F.3d 476, 481 (3d Cir. 2001).  If the movant meets that burden, the onus then "shifts to the non-moving party to set forth specific facts showing the existence of [a genuine issue of material fact] for trial." Id.

### III.  ANALYSIS

Plaintiff's Complaint purports to allege claims arising under Title VII of the Civil Rights

Act of 1964 for alleged acts of discrimination. However, Plaintiff also appears to allege a failure to protect claim against Officer Ballard, see Compl. ¶ 23(a)-(c), as well as a claim for intentional infliction of emotional distress, see id. ¶ 23(f). Likewise, Plaintiff's claims against the City of Philadelphia are based on its alleged failure to ensure religious tolerance in prison, id. ¶ 15, as well as the alleged failure to supervise its employees who failed to protect Plaintiff, id. ¶¶ 13-14. While Plaintiff does not allege specific conduct on the part of Warden Giorla during the time of the attack, he alleges that Warden Giorla failed to protect him by "allowing a Muslim correctional officer to allow Muslim inmates to gain access to an area placing the Plaintiff in a dangerous and hostile environment." Id. ¶ 10(a).

Regardless of whether Plaintiff seeks to recover for the alleged discrimination or Defendants' failure to protect him, he has failed to produce any affirmative evidence to defeat the Motion. Defendants argue that the claims against them lack evidentiary support in the record and that Plaintiff's allegations alone are insufficient to establish the facts of which he complains. See, e.g., In re IKON Office Solutions, Inc., 277 F.3d 658, 666 (3d Cir. 2002) ("[A] party will not be able to withstand a motion for summary judgment merely by making allegations; rather, the party opposing the motion must go beyond its pleading and designate specific facts by use of affidavits, depositions, admissions, or answers to interrogatories showing there is a genuine issue for trial."). As the Third Circuit has explained, "summary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006) (citing Jersey Cent. Power & Light Co. v. Lacey Twp., 772 F.2d 1103, 1109-10 (3d Cir. 1985)).

Plaintiff has failed to set forth any evidence that Officer Ballard permitted the attack or that he discriminated against Plaintiff in any way, nor has he submitted any evidence to show that the City of Philadelphia or Warden Giorla are legally responsible for the harm he allegedly suffered. Due to this complete failure to support his allegations with competent evidence, Defendants are entitled to summary judgment in their favor.

## IV.  CONCLUSION

Because Plaintiff has failed to produce any evidence to support his claims, the Motion will be granted.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC SANTANA | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-1657 |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |

**ORDER**

**AND NOW**, this       day of July, 2008, upon consideration of Defendants' Motion for Summary Judgment (docket no. 7), and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion is **GRANTED**, and the Clerk of the Court shall mark this case **CLOSED**. It is **FURTHER ORDERED** that Defendant Officer Ballard's Motion to Dismiss (docket no. 6) is **DENIED AS MOOT**.

BY THE COURT:


  S/ BRUCE W. KAUFFMAN
BRUCE W. KAUFFMAN, J.